UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

FRANCISCO MEDINA,

                Defendant.

**ORDER**

94-cr-0872-2 (ER)

RAMOS, D.J.:

    On, December 14, 1998, Francisco Medina was sentenced to 600 months imprisonment after pleading guilty to a racketeering enterprise, conspiracy to participate in a racketeering enterprise, murder in aid of racketeering, and use of a firearm during a crime of violence in violation of 18 U.S.C. § 1962 (c) and (d), § 1959(a)(1), and § 924(c), respectively.  On February 6, 2024, Medina moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  Docs. 245.

    Section 3582(c)(2) allows a court, after considering the § 3553(a) factors, to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." the relevant policy statement, however, provides that a sentence reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

    Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  *See* U.S.S.G. § 1B1.10(d).  As relevant here, Amendment 821 provides for a two-level reduction in the base offense level for defendants with zero criminal history points who meet certain criteria.  U.S.S.G. § 4C1.1.  One such exclusion is an offense that resulted in death or serious bodily injury.  U.S.S.G. § 4C1.1(a)(4); *see*

*also* U.S.S.G. App. C, Amendment 821.  Other such exclusions are the defendant's use of violence or credible threats of violence in connection with the offense, U.S.S.G. § 4C1.1(a)(3), and if the defendant possessed a firearm in connection with the offense. U.S.S.G. § 4C1.1(a)(7).  Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point. The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission explained also that the exclusion criteria were informed by data analyses, public comment and existing legislation.  *Id.*

Medina had zero criminal history points but is not eligible for a sentence reduction pursuant to Amendment 821.  Doc. 247 at 2, 3.  The offenses of conviction resulted in death or serious bodily injury to the victims.  *Id.*  As described in the Presentence Report, Medina was involved in the murder of sixteen individuals in order to obtain pecuniary value for and increase his position within his racketeering enterprise. Doc. 247 at 6–16.  Furthermore, the defendant possessed a firearm and used both violence and threats of violence in committing the offenses.  Doc. 247 at 2, 3.

Accordingly, the Court agrees with the conclusion in the supplemental presentence report that Medina is not eligible for a reduction under Amendment 821. Doc. 247 at 3.

Accordingly, Medina's motion for a sentence reduction is DENIED.  The Clerk of Court is respectfully directed to mail a copy of this order to Medina.

SO ORDERED.

Dated: September 16, 2024
        New York, New York

                                                                            EDGARDO RAMOS, U.S.D.J.